IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL THOMAS CUNNINGHAM, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | NO. 25-cv-5128 |
| | : | |
| P/O MARCKENSON SMITH #9421, | : | |
| *et al.*, | : | |
| *Defendants*. | : | |

**MEMORANDUM**

KENNEY, J.                                                          MAY 26, 2026

Plaintiff initiated this *pro se* action in connection with injuries that he allegedly sustained when a police officer arrested him in 2023. On April 16, 2026, Defendant Officer Marckenson Smith ("Officer Smith") and Defendant Philadelphia Police Department moved to dismiss the Complaint in its entirety for failure to state a claim (the "Defendants' Motion"). *See* ECF No. 13. For the reasons set forth below, the Court will **GRANT** Defendants' Motion (ECF No. 13). The Court will **DISMISS** Plaintiff's Complaint against Officer Smith **WITHOUT PREJUDICE**, and **DISMISS** Plaintiff's Complaint against the Philadelphia Police Department **WITH PREJUDICE**.

## I.    BACKGROUND

Plaintiff alleges that he was assaulted by Officer Smith in his home and placed under arrest on September 4, 2023. *See* ECF No. 1 at 4. He was then transported to the 25th District Police Department and charged with aggravated assault against his neighbor. *Id.* His mother, Jacqueline Melton, and his godsister, Ciara Barber, purportedly witnessed him being assaulted in his home by Officer Smith. *Id.* Once at the East Processing Division for the 25th District, he alleges that he was further assaulted by ten unknown police officers during his search intake. *Id.* Plaintiff

sustained multiple injuries, including to his head, jaw, left elbow, and left knee, and alleges that he needed CT scans and an X-Ray. *Id.* at 5.

On September 2, 2025, Plaintiff filed a *pro se* Complaint, asserting that this Court has federal question jurisdiction over his cause of action. *Id.* at 3. On April 16, 2026, Officer Smith and the Philadelphia Police Department moved to dismiss for failure to state a claim. *See* ECF No. 13. Defendants' Motion is before the Court.

## II.    LEGAL STANDARD

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citation omitted). In order to survive a Rule 12(b)(6) motion, a plaintiff's well-pleaded complaint must state a "plausible entitlement to relief" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 559 (2007). While a plaintiff is not required to plead "detailed factual allegations," Federal Rule of Civil Procedure 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Put another way, a plaintiff's factual allegations must enable a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations and citation omitted). A Rule 12(b)(6) motion may be granted if "a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp.*, 643 F.3d at 84. While Plaintiff's *pro se* status prompts a "liberal construction" of his Complaint and submissions, it "must still

2

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kim v. I.R.S.*, 522 F. App'x 157, 158 (3d Cir. 2013) (internal quotations and citations omitted); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (explaining that "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "must abide by the same rules that apply to all other litigants").

## III.   <u>DISCUSSION</u>

Defendants Officer Smith and the Philadelphia Police Department moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6). *See* ECF No. 13 at 2. Plaintiff did not expressly invoke a federal statute as the basis for his assertion that this Court has federal question jurisdiction over his claims. *See* ECF No. 1 at 3. However, based on the factual allegations in Plaintiff's Complaint, the Court will construe Plaintiff's *pro se* Complaint liberally as asserting a Fourth Amendment excessive force claim pursuant to 42 U.S.C. § 1983.

Private plaintiffs may bring claims for violations of the Constitution pursuant to 42 U.S.C. § 1983. *See Williams v. Pa. Hum. Rels. Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) ("§ 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" (quoting *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 104 (3d Cir. 2014)). To state a claim for relief under Section 1983, a plaintiff must allege both "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Fed. L. Enf't Officers Ass'n v. Att'y Gen. N.J.*, 93 F.4th 122, 128 (3d Cir. 2024). "Action under color of state law requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011)

(internal quotations and citation omitted)).

"Use of excessive force by a state official effectuating a search or seizure violates the Fourth Amendment." *Estate of Smith v. Marasco*, 430 F.3d 140, 148 (3d Cir. 2005). To state a claim for excessive force under the Fourth Amendment, a plaintiff must plead facts showing that "the force used" in carrying out an arrest "was unreasonable under the circumstances." *Olick v. Pennsylvania*, 739 F. App'x 722, 724 (3d Cir. 2018) (per curiam); *see also Garrison v. Porch*, 376 F. App'x 274, 277 (3d Cir. 2010) (explaining that when evaluating whether the force used during "an arrest was unreasonably excessive," courts look at "the totality of the circumstances surrounding the arrest"). "Courts evaluate the reasonableness of 'a particular use of force . . . from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Pearson v. Krasley*, 715 F. App'x 112, 114 (3d Cir. 2017) (per curiam) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Factors that guide a court's assessment of "whether the force used to effect a particular seizure [was] 'reasonable'" include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Moreover, in the Third Circuit, district courts also consider "the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Ansell v. Ross Twp., Pa.*, 419 F. App'x 209, 213 (3d Cir. 2011) (quoting *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997)).

### A. Officer Smith

Here, accepting all of Plaintiff's factual allegations as true, Plaintiff failed to allege sufficient factual content demonstrating that, under the totality of the circumstances, Officer Smith

used unreasonable force when arresting him.  Plaintiff alleged only that Officer Smith "assaulted" him "in [his] home" when Officer Smith was arresting him for aggravated assault against his neighbor.  *See* ECF No. 1 at 4.  Plaintiff did not otherwise plead any facts describing, for example, what Officer Smith did that caused harm, whether Plaintiff was attempting to resist arrest, how long the encounter lasted, or any facts that might demonstrate the force that Officer Smith used was unreasonable under the circumstances.  *See, e.g.*, *Pearson*, 715 F. App'x at 114 (affirming dismissal of an excessive force claim where a plaintiff "failed to set out enough factual content to establish that [an officer] used unreasonable force in arresting him"); *Olick*, 739 F. App'x at 725 (finding that a plaintiff sufficiently stated an excessive force claim where he alleged that a police officer "shoved him across the floor, causing an injury to his shoulder that required medical attention" and "there [was] no suggestion in the pleadings that [the plaintiff] was armed, attempting to flee, or posing an immediate threat to the safety of" the officer); *Ansell*, 419 F. App'x at 213 (finding that a plaintiff included adequate factual allegations where the plaintiff alleged that he "was sleeping, alone, unarmed, and cooperative" at the time he was arrested and that the officers "violently slam[med] him against the wall" (citation omitted)).  Plaintiff's bare assertion of "assault"—without more—simply does not provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of" his claim.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal quotations and citation omitted); *see also* *Olick*, 739 F. App'x at 725 (explaining that a plaintiff's "contention that *any* use of force by [the officer] was improper cannot be vindicated, as 'the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it'" (quoting *Graham*, 490 U.S. at 396)).

Therefore, the Court will grant Officer Smith's Motion to Dismiss.  The Court will dismiss

Plaintiff's Complaint against Officer Smith without prejudice, and permit Plaintiff leave to amend the Complaint in the event that he can plead additional facts supporting his excessive force claim.

### B. Philadelphia Police Department

In its Motion to Dismiss, the Philadelphia Police Department argues that it is an entity that "cannot be sued," so any claims asserted against it must be dismissed. *See* ECF No. 13 at 5. The Philadelphia Police Department is a department of the City of Philadelphia and "does not have a separate legal existence from the City." *Mack v. Phila. Police Dep't*, No. 25-cv-4224, 2025 WL 2825587, at *2 (E.D. Pa. Oct. 2, 2025). As such, it is not a "proper defendant[]" under Section 1983 and is not amenable to suit. *Russell v. City of Phila.*, 428 F. App'x 174, 177 (3d Cir. 2011); *see also Moore v. Montgomery Cnty. Dist. Att'y Off.*, No. 22-2642, 2023 WL 5972045, at *2 (3d Cir. Sept. 14, 2023) ("[M]unicipal police departments are governmental sub-units that are not distinct from the municipalities of which they are a part, . . . and thus may not be separately sued under § 1983." (citation omitted)); *Baker v. 26th Dist. Police Station*, No. 24-cv-2168, 2024 WL 3431990, at *2 (E.D. Pa. July 16, 2024) (dismissing Section 1983 claims asserted against the Philadelphia Police Department and the 26th District Police Station because they were "not proper defendants"). To bring a claim against the Philadelphia Police Department, a plaintiff must instead assert its claim against the City of Philadelphia itself. *See Bush v. City of Phila. Phila. Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) ("The Police Department may only be sued in the name of the City of Philadelphia"); *see also* 53 Pa. Stat. § 16257.[1]

---

[1] Even if Plaintiff could have brought suit against the Philadelphia Police Department, the Court would still dismiss his claim against the Department for failure to state a claim. Section 1983 liability "attaches to a municipality only where the 'government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Walters v. Muhlenberg Twp. Police Dep't*, 536 F. App'x 213, 215 (3d Cir. 2013) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff did not allege any specific facts regarding the Philadelphia Police Department, let alone facts suggesting that the

6

Accordingly, the Court will grant the Philadelphia Police Department's Motion to Dismiss. The Court will dismiss Plaintiff's Complaint against the Philadelphia Police Department with prejudice because Plaintiff cannot cure the pleading defect in his claims against the Department. *See, e.g.*, *Woolford v. Bartol*, No. 22-cv-3757, 2022 WL 11804035, at *5 (E.D. Pa. Oct. 20, 2022) (dismissing Section 1983 claims against the Philadelphia Police Department with prejudice); *Mack*, 2025 WL 2825587, at *2 (same).

## IV.    **CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss (ECF No. 13).  The Court will dismiss Plaintiff's Complaint against Officer Smith without prejudice, and dismiss Plaintiff's Complaint against the Philadelphia Police Department with prejudice.   In addition, the Court will permit Plaintiff leave to amend the Complaint.  An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**

---

Department has a "policy or custom of permitting its officers to use excessive force in making arrests." *Id.*  Moreover, under Section 1983, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.  Therefore, even if Plaintiff could have asserted a Section 1983 claim against the Philadelphia Police Department, that claim has not been adequately pleaded. *See Olick*, 739 F. App'x at 727 (affirming dismissal of claims against a police department where a plaintiff "did not present any facts suggesting that the City [of Easton] or Police Department had a policy or custom of permitting its officers to use excessive force").