**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL THOMAS CUNNINGHAM,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **P/O MARKENSON SMITH #9421,** ***et al.*****,** *Defendants.* | : | **No. 25-cv-5128** |

**MEMORANDUM**

**KENNEY, J.** **SEPTEMBER 30, 2026**

Before the Court is Defendants the City of Philadelphia's, the 25th Police Department's, and Officer Markenson Smith's ("Officer Smith")[1] Motion to Dismiss for Failure to State a Claim (the "Defendants' Motion to Dismiss") (ECF No. 24). For the reasons set forth below, the Court will **GRANT** Defendants' Motion to Dismiss (ECF No. 24). The Court will **DISMISS** the excessive force, Eighth Amendment, false arrest, false imprisonment, and malicious prosecution claims asserted against Officer Smith in Plaintiff's Amended Complaint **WITH PREJUDICE**. Moreover, the Court will **DISMISS** the *Monell* claim asserted against the City of Philadelphia in Plaintiff's Amended Complaint, in addition to any claims based on a *respondeat superior* theory, **WITH PREJUDICE**. The Court will **DISMISS** all claims asserted against the 25th Police Department in Plaintiff's Amended Complaint **WITH PREJUDICE**. Finally, the Court will **DISMISS** all claims asserted against the ten unknown officers in Plaintiff's Amended Complaint **WITHOUT PREJUDICE**. Plaintiff is **GRANTED** leave to amend only as to the ten unknown

[1] Although Plaintiff spelled "Markenson" differently in his Amended Complaint and also refers to him as "Markson Smith[,]" *see* ECF No. 22 at 3, based on the badge number, Plaintiff has named the same Officer Smith from his Original Complaint. *See* ECF No. 1 at 2 (naming P/O Marckenson Smith #9421). Plaintiff has also once again named "10 White Unknown Officer[s] East Division Processing" as Defendants (hereinafter, the "ten unknown officers").

officers in the event that he can name and serve them; the Court will give him thirty days to do so.

# I. BACKGROUND

## A. Factual Background

The following facts are drawn from Plaintiff's Amended Complaint (ECF No. 22) and describe an alleged incident that occurred over three years ago. Plaintiff alleges that on September 4, 2023 at 4:00 p.m., Officer Smith entered Plaintiff's home in Philadelphia, PA. *See* ECF No. 22 at 3. Plaintiff "was getting food out [of] the kitchen [and] waiting for [his] sister and other family member[s,]" so that they could go to a gathering for Labor Day. *Id.* Officer Smith allegedly "assaulted" Plaintiff, "placed [him] under arrest[,]" and "placed [him] in [a] police car, without telling [him] anything[.]" *Id.* Plaintiff's mother and god sister purportedly saw Officer Smith "assault[]" Plaintiff in his home. *Id.* Officer Smith "then transported [Plaintiff] to the 25th District" police station for processing. *Id.* While Plaintiff "was in the processing room" at the police station, ten unknown officers allegedly entered the room, "assaulted" him, and called him a racial epithet while he was "being searched." *Id.*[2] According to Plaintiff, "no one else was involved [in] assaulting" him in the processing room beyond the ten unknown officers. *Id.* Plaintiff further alleges that he sustained multiple injuries, including injuries to his head, jaw, left elbow, and left knee; Plaintiff alleges that he required CT scans and an X-Ray following the arrest. *Id.* at 4.

## B. Procedural History

On September 2, 2025, Plaintiff filed his original *pro se* Complaint, naming Officer Smith, the Philadelphia Police Department, and "East Processing Division 10 Unknown Officers" as

[2] Plaintiff alleges that the ten unknown officers "call[ed] [him] a black n*****" while he was being searched. ECF No. 22 at 3.

Defendants. *See* ECF No. 1 at 2–3. On April 16, 2026, Officer Smith and the Philadelphia Police Department moved to dismiss Plaintiff's Complaint for failure to state a claim. *See* ECF No. 13. On May 26, 2026, the Court granted their Motion to Dismiss in a Memorandum, which the Court incorporates herein. *See* ECF No. 20. The Court dismissed Plaintiff's Complaint against Officer Smith without prejudice, and dismissed all claims asserted against the Philadelphia Police Department with prejudice. *See* ECF Nos. 20, 21. The Court gave Plaintiff sixty days to amend his Complaint in the event that Plaintiff could plead additional facts in support of his excessive force claim. *See* ECF No. 21.

On June 3, 2026, Plaintiff filed a *pro se* Amended Complaint, naming Officer Smith, the City of Philadelphia, the 25th Police Department, and ten unknown officers as Defendants. *See* ECF No. 22 at 1–2. In his Amended Complaint, Plaintiff seeks $25 million in monetary damages and appears to assert claims for excessive force, false arrest, false imprisonment, malicious prosecution, and for an alleged violation of his Eighth Amendment rights. *Id.* at 3–4. Plaintiff has attached medical records, a police incident report, and state court records as exhibits to his Amended Complaint. *Id.* at 6–11.

On August 6, 2026, Defendants Officer Smith, the City of Philadelphia, and the 25th Police Department moved to dismiss Plaintiff's Amended Complaint for failure to state a claim. *See* ECF No. 24. Plaintiff did not file a response to Defendants' Motion to Dismiss, which is now before the Court.

## II. LEGAL STANDARD

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal

quotations and citation omitted). In order to survive a Rule 12(b)(6) motion, a plaintiff's well-pleaded complaint must state a "plausible entitlement to relief" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 559 (2007). While a plaintiff is not required to plead "detailed factual allegations," Federal Rule of Civil Procedure 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of the plaintiff's claims. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (internal quotations and citation omitted); *see also Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). A Rule 12(b)(6) motion may be granted if "a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp.*, 643 F.3d at 84.

When analyzing a Rule 12(b)(6) motion, district courts "must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1996 (3d Cir. 1993)). Courts may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481, 490 (3d Cir. 2016) (internal quotations and citation omitted).

While Plaintiff's *pro se* status prompts a "liberal construction" of his Amended Complaint, it "must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kim v. I.R.S.*, 522 F. App'x 157, 158 (3d Cir. 2013) (per curiam) (internal quotations and citations omitted); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (explaining that "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "must abide by the same rules that apply to all other litigants").

## III. __DISCUSSION__

Based on the factual allegations in Plaintiff's *pro se* Amended Complaint, the Court will construe Plaintiff's Amended Complaint liberally as asserting the following claims pursuant to 42 U.S.C. § 1983 against Officer Smith and the ten unknown officers: (1) a Fourth Amendment excessive force claim; (2) an Eighth Amendment claim; and (3) false arrest, false imprisonment, and malicious prosecution claims. *See* ECF No. 22 at 4. Although Plaintiff appears to primarily rely on a *respondeat superior* theory against the City of Philadelphia and the 25th Police Department, the Court will also analyze whether Plaintiff sufficiently pleaded a *Monell* claim. For the following reasons, Plaintiff has failed to adequately plead these claims.

As the Court explained in its prior Memorandum, *see* ECF No. 20 at 3, while "[Section] 1983 does not confer any substantive rights" itself, it "'provides a method for vindicating federal rights elsewhere conferred.'" *Williams v. Pa. Hum. Rels. Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 104 (3d Cir. 2014)). To state a claim for relief under Section 1983, a plaintiff must allege both "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Action under color of state law requires that one liable under [Section] 1983 have exercised power

possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (internal quotations and citation omitted).

**A. Excessive Force Claim**

The Court begins with Plaintiff's excessive force claim. As discussed in its prior Memorandum, *see* ECF No. 20 at 4, "[u]se of excessive force by a state official effectuating a search or seizure violates the Fourth Amendment." *Est. of Smith v. Marasco*, 430 F.3d 140, 148 (3d Cir. 2005). To state a claim for excessive force under the Fourth Amendment, a plaintiff must plead facts showing that "the force used" in carrying out an arrest "was unreasonable under the circumstances." *Olick v. Pennsylvania*, 739 F. App'x 722, 724 (3d Cir. 2018) (per curiam); *see also Garrison v. Porch*, 376 F. App'x 274, 277 (3d Cir. 2010) (explaining that when evaluating whether the force used during "an arrest was unreasonably excessive," courts look at "the totality of the circumstances surrounding the arrest"). "Courts evaluate the reasonableness of 'a particular use of force . . . from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Pearson v. Krasley*, 715 F. App'x 112, 114 (3d Cir. 2017) (per curiam) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Factors that guide a court's assessment of "whether the force used to effect a particular seizure [was] 'reasonable'" include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Moreover, in the Third Circuit, district courts also consider "the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Ansell v. Ross Twp., Pa.*, 419 F. App'x 209, 213 (3d Cir. 2011) (quoting

*Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997), *abrogated on other grounds by Curley v. Klem*, 499 F.3d 199, 209–11 (3d Cir. 2007)).

The Court previously dismissed the excessive force claim that Plaintiff asserted against Officer Smith for failure to state a claim. *See* ECF No. 20 at 4–6. The factual allegations in Plaintiff's Amended Complaint are equally sparse and fare no better. Once again, Plaintiff alleges only that he "was assaulted in [his] home by" Officer Smith. ECF No. 22 at 3. Plaintiff also alleges that Officer Smith "placed [him] under arrest & placed [him] in his police car, without telling [him] anything." *Id.* Plaintiff otherwise failed to plead any factual allegations establishing that Officer Smith used unreasonable force when effectuating the arrest. *See, e.g.*, *Ansell*, 419 F. App'x at 213 (finding that a plaintiff adequately pleaded an excessive force claim when he alleged that he "was sleeping, alone, unarmed, and cooperative" at the time he was arrested, but officers "forcibly dragged [him] out of bed, pointed guns at him, threatened to shoot him, and violently slam[med] him against the wall" (internal quotations and citations omitted)). As the Court explained when dismissing Plaintiff's excessive force claim for the first time, Plaintiff's bald assertion of assault—without more—does not contain sufficient facts to state a plausible entitlement to relief, nor does it "raise a reasonable expectation that discovery will reveal evidence of" an excessive force claim. *Connelly*, 809 F.3d at 789 (internal quotations and citation omitted); *see also Twombly*, 550 U.S. at 555 (explaining that Rule 8 "requires more than labels and conclusions"); *Pearson*, 715 F. App'x at 114 (affirming dismissal of an excessive force claim where a plaintiff "failed to set out enough factual content to establish that [an officer] used unreasonable force in arresting him"); *Harrison-El v. Bucks Cnty. Crim. Just. Ctr.*, No. 24-cv-0413, 2025 WL 567016, at *5 (E.D. Pa. Feb. 20, 2025) ("[M]erely providing labels for claims, such as . . . 'assault,' . . . without alleging actual facts does not comply with the requirements of

Rule 8 of the Federal Rules of Civil Procedure.”).

In addition, Plaintiff has attached a medical record from September 5, 2023 to his Amended Complaint, which lists a diagnosis and medications. *See* ECF No. 22 at 6. To the extent that Plaintiff intended to use this medical record "in place of alleging facts to support his claim[]" for excessive force, "he is unable to do so" because "[a] plaintiff may not state a claim by relying solely on exhibits." *O'Connor v. Reiff*, No. 23-cv-2218, 2024 WL 493424, at *3 (E.D. Pa. Feb. 8, 2024) (collecting cases). As discussed, there are simply inadequate facts in the Amended Complaint demonstrating that any alleged force that was used in arresting Plaintiff was unreasonably excessive. And it is well-settled that "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' is constitutionally unreasonable." *Sharrar*, 128 F.3d at 821 (quoting *Graham*, 490 U.S. at 396); *see also Olick*, 739 F. App'x at 725 (explaining that a plaintiff's "contention that *any* use of force by [the officer] was improper cannot be vindicated, as 'the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it'" (quoting *Graham*, 490 U.S. at 396)).

Accordingly, the Court will once again grant Officer Smith's Motion to Dismiss Plaintiff's excessive force claim. This time, the Court will dismiss the excessive force claim Plaintiff asserted against Officer Smith in Plaintiff's Amended Complaint with prejudice. In its prior Memorandum, the Court explained what was required to properly plead an excessive force claim, but Plaintiff has still failed to set forth sufficient factual allegations despite that guidance. *See* ECF No. 20 at 4–6. Given Plaintiff's "fail[ure] to cure the pleading deficiencies previously identified in the original complaint," the Court finds that permitting any further amendment of this claim against Officer Smith would be futile. *Bello v. Cap. One Bank USA N.A.*, No. 23-2758, 2024 WL 2794418, at *2

(3d Cir. May 31, 2024) (per curiam); *see also U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) ("[A] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." (internal quotations and citations omitted)); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (finding that amendment by a pro se litigant would be futile when the litigant "already had two chances to tell his story"); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002) (explaining that dismissal without leave to amend is proper upon a finding that "amendment would be inequitable or futile").

**B. Eighth Amendment Claim**

In addition, Plaintiff alleges that Officer Smith and the ten unknown officers violated his "[Eighth] Amendment civil rights." ECF No. 22 at 2, 4. Beyond Plaintiff's conclusory invocation of the Eighth Amendment, Plaintiff does not otherwise specify which facts are alleged in support of that claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

To the extent that Plaintiff is attempting to assert an excessive force claim pursuant to the Eighth Amendment, that claim fails as alleged. In his Amended Complaint, Plaintiff alleges that the "assault[s]" occurred during his arrest and while he was being processed and searched at the police station that same day; they did not occur within a prison or after a conviction and sentence. *See* ECF No. 22 at 3. Accordingly, "the Eighth Amendment is not the appropriate vehicle to remedy any alleged injuries" that Plaintiff may have suffered, *see Merritt v. Hartman*, No. 19-cv-2008, 2020 WL 4904633, at *2 (E.D. Pa. Aug. 20, 2020), because that particular Amendment "is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions" and "serves as the primary source of substantive protection to convicted prisoners." *Betts v. New*

*Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (internal quotations and citation omitted); *see also Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); *Crocker v. Beatty*, 995 F.3d 1232, 1246 (11th Cir. 2021) ("[U]nder the Supreme Court's current framework, the Fourth Amendment covers arrestees, the Eighth Amendment covers prisoners, and the Fourteenth Amendment covers those who exist in the in-between—pretrial detainees." (internal quotations and citation omitted)); *Jordan v. Cicchi*, 428 F. App'x 195, 199–200 (3d Cir. 2011) (per curiam) (explaining that "the Eighth Amendment [is] the primary source of protection after an individual's conviction" (citing *Graham*, 490 U.S. at 394–95)).

Therefore, the Court will dismiss the Eighth Amendment claim asserted against Officer Smith in Plaintiff's Amended Complaint with prejudice. The Court concludes that permitting any further amendment of Plaintiff's Eighth Amendment claim would be futile and will not cure the defects that the Court has identified with respect to this claim in light of the factual context in which Plaintiff's excessive force claim has arisen. *See Shutt v. Miller*, 724 F. App'x 112, 115 (3d Cir. 2018) (affirming that "leave to amend would have been futile" where a plaintiff "failed to cite facts to the District Court . . . that would overcome the deficiencies in her initial complaint"); *see also Merritt*, 2020 WL 4904633, at *2 (dismissing an Eighth Amendment claim with prejudice because the Eighth Amendment was inapplicable given plaintiff's status as a pretrial detainee at the time of the alleged assault).

**C. False Arrest, False Imprisonment, and Malicious Prosecution Claims**

Next, Plaintiff alleges that he is seeking "monetary compensation . . . for P/O Markenson Smith #9421 and 10 white P/O of East Processing Division . . . filling [sic] false police report and

false charges." ECF No. 22 at 4. Although it is unclear, construing Plaintiff's *pro se* Amended Complaint liberally, he appears to be asserting false arrest, false imprisonment, and malicious prosecution claims against Officer Smith and the ten unknown officers.

"[F]alse arrest and false imprisonment claims are nearly identical causes of action" that district courts generally "analyze together." *Covington v. Plymouth Twp. Police Dept.*, 779 F. Supp. 3d 509, 523 (E.D. Pa. 2025) (collecting cases); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."). These claims fall under the Fourth Amendment. *See DeLade v. Cargan*, 972 F.3d 207, 211 (3d Cir. 2020) ("[T]he Supreme Court has recognized the Fourth Amendment—and not the Due Process Clause of the Fourteenth Amendment—as the appropriate provision of the Constitution under which to analyze allegations of unlawful arrest and pretrial restraint." (collecting cases)).

The Fourth Amendment requires arrests, detentions, and prosecutions to be supported by probable cause. *See Harvard v. Cesnalis*, 973 F.3d 190, 202–03 (3d Cir. 2020); *see also Spiker v. Whittaker*, 553 F. App'x 275, 278 (3d Cir. 2014) ("To state a plausible claim for false arrest, false imprisonment, or malicious prosecution under the Fourth Amendment, a plaintiff must plead sufficient facts to support a reasonable inference that the defendants acted without probable cause and are not entitled to qualified immunity."); *Covington*, 779 F. Supp. 3d at 523 ("To state [false arrest and false imprisonment] claims under Section 1983, a plaintiff must [allege plausibly] 'that: (1) there was an arrest; and (2) the arrest was made without probable cause.'" (quoting *Saintil v. Borough of Carteret*, No. 22-2898, 2024 WL 3565308, at *6 (3d Cir. July 29, 2024))); *Noviho v. Lancaster Cnty. of Pa.*, 683 F. App'x 160, 164 (3d Cir. 2017) ("Fourth Amendment false imprisonment and false arrest claims rise and fall on whether probable cause existed for the arrest."). Courts have further described the elements of a malicious prosecution claim as including

the following:

> (1) the defendant[] initiated a criminal proceeding; (2) the criminal proceeding ended in [the] plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant[] acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Harvard*, 973 F.3d at 203 (citation omitted). Therefore, all three types of claims—false arrest, false imprisonment, and malicious prosecution—require a demonstration that probable cause was lacking. *See Sanders v. City of Erie*, No. 26-1135, 2026 WL 1428876, at *2 (3d Cir. May 21, 2026) (per curiam).

"Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002); *see also Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) ("Probable cause exists if there is a fair probability that the person committed the crime at issue." (internal quotations and citation omitted)). Courts "consider the existence of probable cause via a 'common sense approach' based on the totality of the circumstances, . . . and viewed from the perspective of an objectively reasonable police officer." *Young v. City of Pittsburgh*, 562 F. App'x 135, 140 (3d Cir. 2014) (citations omitted). The inquiry into probable cause is "not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988). For false arrest claims that involve multiple charges, establishing probable cause for one charge insulates the defendant from liability. *See Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295, 303 (3d Cir. 2024); *see also Harvard*, 973 F.3d at 199 (explaining that false arrest and false imprisonment claims "necessarily fail if probable

cause existed for any one of the crimes charged against the arrestee" (internal quotations and citation omitted)).

With respect to Plaintiff's false arrest, false imprisonment, and malicious prosecution claims, Plaintiff needed "to plead facts that make it plausible" that Officer Smith "lacked probable cause to arrest him" on September 4, 2023, and initiate charges against him. *Wheeler v. Wheeler*, 639 F. App'x 147, 150 (3d Cir. 2016). However, in his Amended Complaint, Plaintiff pleads no factual "allegations that call into question whether" Officer Smith "had probable cause to arrest him." *Id.* Instead, Plaintiff lodges only the conclusory assertion that Officer Smith filed a "false police report and false charges." ECF No. 22 at 4. The Court "need not credit" such a boilerplate statement that is devoid of further factual development. *See Wheeler*, 639 F. App'x at 150; *see also Twombly*, 550 U.S. at 555 (explaining that Rule 8 "requires more than labels and conclusions"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest, false imprisonment, and malicious prosecution, "[plaintiff] needed to point to facts suggesting that [d]efendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

Moreover, in connection with these claims, Plaintiff appears to rely on two exhibits that he attached to his Amended Complaint: (1) a police incident report; and (2) state court records. *See* ECF No. 22 at 7–11; *see also Mayer*, 605 F.3d at 230 (noting that district courts can consider "exhibits attached to the complaint" in resolving a Rule 12(b)(6) motion "if the complainant's claims are based upon these documents"). But the attached exhibits are of little assistance to Plaintiff.

First, the incident report prepared by Officer Smith reveals that the following occurred in

the lead-up to Plaintiff's arrest for aggravated assault. *See* ECF No. 22 at 8. In the incident report, the complainant identified Plaintiff by name as the individual who "was threatening her with a rock." *Id.* According to the complainant, Plaintiff "then went inside his house [to] grab a large glass bottle and struck [the complainant] with it through the window[,]" resulting in a cut "on her right arm." *Id.* The incident report further states that there is "some video on [the complainant's] phone" and that the police could not collect the bottle because it was "shattered." *Id.* The incident report thus contains facts indicative of probable cause. *See, e.g.*, *Sanders*, 2026 WL 1428876, at *2 ("The victim's eyewitness identification of Sanders to Officer Mullaney is sufficient to establish probable cause." (citing *Wilson*, 212 F.3d at 791)); *Lincoln v. Hanshaw*, 375 F. App'x 185, 190 (3d Cir. 2010) ("[P]robable cause was established as a matter of law at the time that Mapp, as a complaining victim who had suffered an injury, made the allegations against [plaintiffs] and . . . correctly identified them."). And as discussed above, beyond Plaintiff's bare accusation that a "false police report and false charges" were filed against him, *see* ECF No. 22 at 4, Plaintiff has not otherwise alleged *any* facts demonstrating that "'no reasonable competent officer' would conclude that probable cause exist[ed]" for the arrest and charges. *Spiker*, 553 F. App'x at 278 (quoting *Wilson*, 212 F.3d at 786). "To the extent that [Plaintiff] complains about [Officer Smith's] insufficient investigation," the Third Circuit has found that "post-hoc claims about investigative deficiencies do not undermine probable cause." *Sanders*, 2026 WL 1428876, at *2 (internal quotations and citation omitted).

Second, as to the state court records, although those records appear to indicate that the charges filed against Plaintiff were later either withdrawn or dismissed, *see* ECF No. 22 at 10–11, the fact that the criminal proceeding initiated against Plaintiff may have ended in his favor is only one component of a malicious prosecution claim. *See Harvard*, 973 F.3d at 203. Plaintiff is still

required to plead facts demonstrating that "the proceeding was initiated without probable cause." *Id.* (citation omitted). But for the reasons discussed above, Plaintiff has failed to allege sufficient factual allegations establishing that there was no probable cause for his arrest and for the filing of charges against him. *See Dahn v. Hart*, No. 17-cv-3591, 2018 WL 1378940, at *5 (E.D. Pa. Mar. 19, 2018) (dismissing a claim for malicious prosecution where plaintiff "fail[ed] to plausibly allege that [the officer] lacked probable cause to initiate [p]laintiff's prosecution").

Accordingly, to the extent that Plaintiff intended to plead false arrest, false imprisonment, and malicious prosecution claims against Officer Smith, they are not plausible and will be dismissed. *See Harrison-El*, 2025 WL 567016, at *5 (dismissing claims against officers with prejudice where plaintiff merely "allege[d] in [a] conclusory fashion that [d]efendants . . . filed false police reports, but [plaintiff] [did] not describe the contents of those reports or the falsities they contained"); *Jenkins v. City of Phila.*, No. 15-cv-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment and malicious prosecution claims because plaintiff failed to assert factual allegations demonstrating a lack of probable cause); *Santiago v. Hulmes*, No. 14-cv-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the [o]fficer [d]efendants did not have probable cause" and simply alleged that all of the allegations against them in the underlying criminal proceedings were false).

The Court will dismiss the false arrest, false imprisonment, and malicious prosecution claims asserted against Officer Smith in Plaintiff's Amended Complaint with prejudice because permitting Plaintiff leave to amend these claims would be futile. In light of the incident report that Plaintiff attached to his Amended Complaint, the Court is not persuaded that further amendment

of his false arrest, false imprisonment, and malicious prosecution claims will cure the deficiencies identified herein. *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (explaining that amendment of a complaint is futile when it "will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss"); *Shutt*, 724 F. App'x at 115 (affirming that "leave to amend would have been futile" where a plaintiff "failed to cite facts to the District Court . . . that would overcome the deficiencies in her initial complaint").

**D. City of Philadelphia**

As the Court explained in its prior Memorandum, *see* ECF No. 20 at 6 n.1, under Section 1983, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under [Section] 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Instead, a Section 1983 claim can proceed against a municipality "in two ways." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). First, a plaintiff can demonstrate that "an unconstitutional policy or custom of the municipality led to [the plaintiff's] injuries." *Id.* (citation omitted); *see also Walters v. Muhlenburg Twp. Police Dep't*, 536 F. App'x 213, 215 (3d Cir. 2013) (per curiam) (explaining that Section 1983 liability "attaches to a municipality only where the 'government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury'" (quoting *Monell*, 436 U.S. at 694)). Second, a plaintiff can demonstrate that his injuries "were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice." *Forrest*, 930 F.3d at 105 (internal quotations and citations omitted). The latter option "arose in the failure-to-train context, but applies to other failures and inadequacies by municipalities" as well. *Id.* "[A]n unconstitutional municipal policy or custom

is necessary for the former theory, but not for the latter, failure or inadequacy theory." *Id.* In addition, "[i]t is well-settled that, if there is no [constitutional] violation in the first place, there can be no derivative municipal claim." *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) (collecting cases).

Here, the only allegation that Plaintiff appears to have asserted against the City of Philadelphia is in the section of his Amended Complaint where he requests "$25 million" "from . . . the City of Philadelphia for P/O Markenson Smith #9421 and 10 white P/O of East Processing Division" purportedly "violating" his rights. ECF No. 22 at 4. Plaintiff thus appears to rely solely on a *respondeat superior* theory of liability, which is insufficient to state a plausible claim to relief against the City of Philadelphia. *See Monell*, 436 U.S. at 691. Plaintiff otherwise failed to allege any specific facts demonstrating that the City of Philadelphia has "a policy or custom of permitting its officers to use excessive force, make false arrests, or engage in malicious prosecution[,]" *Olick*, 739 F. App'x at 727, nor did Plaintiff allege any facts suggesting that the City of Philadelphia failed to adequately train its officers. Furthermore, in any event, Plaintiff has failed to plead sufficient facts to establish that there were any underlying constitutional violations in connection with Officer Smith's arrest of Plaintiff, so there can be no derivative claim for municipal liability under these circumstances. *See Mulholland*, 706 F.3d at 238 n.15.

For these reasons, the Court will grant the City of Philadelphia's Motion to Dismiss, and dismiss the claims asserted against it in Plaintiff's Amended Complaint. In its prior Memorandum, the Court explained what was required to properly plead a *Monell* claim. *See* ECF No. 20 at 6 n.1. Despite putting Plaintiff on notice, Plaintiff has not given the Court any reason to believe that further amendment of his claim against the City of Philadelphia will cure the pleading deficiencies that the Court previously identified. Accordingly, the Court will dismiss the claims asserted

against the City of Philadelphia in Plaintiff's Amended Complaint with prejudice because any further amendment would be futile. *See U.S. ex rel. Schumann*, 769 F.3d at 849 ("[A] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." (internal quotations and citations omitted)).

**E. 25th Police Department**

Plaintiff previously named the Philadelphia Police Department as a Defendant. *See* ECF No. 1 at 2. The Court dismissed all claims asserted against the Philadelphia Police Department because it was not a "'proper defendant[]' under Section 1983 and [was] not amenable to suit." ECF No. 20 at 6 (quoting *Russell v. City of Phila.*, 428 F. App'x 174, 177 (3d Cir. 2011) (per curiam)). The same reasoning applies here with respect to the 25th Police Department. This entity likewise "does not have a separate legal existence from the City" and is therefore not a proper Defendant in this action. *See Bryan v. City of Phila.*, No. 25-cv-6583, 2026 WL 123291, at *3 (E.D. Pa. Jan. 16, 2026), *aff'd*, No. 26-1313, 2026 WL 2075567 (3d Cir. July 17, 2026) (per curiam); *see also Moore v. Montgomery Cnty. Dist. Att'y Off.*, No. 22-2642, 2023 WL 5972045, at *2 (3d Cir. Sept. 14, 2023) (per curiam) ("[M]unicipal police departments are governmental sub-units that are not distinct from the municipalities of which they are a part, . . . and thus may not be separately sued under § 1983." (internal citation omitted)). Instead, the City of Philadelphia is the proper Defendant and has been sued. Moreover, there is no suggestion in Plaintiff's Amended Complaint that the purported constitutional violations of which Plaintiff complains stemmed from a policy or custom of the 25th Police Department or from a failure to train, as is required to allege municipal liability. *See Forrest*, 930 F.3d at 105; *see also McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (explaining that plaintiff "must identify a custom or policy,

and specify what exactly that custom or policy was" to satisfy the pleading standard).

Accordingly, the Court will grant the 25th Police Department's Motion to Dismiss, and dismiss all claims asserted against the 25th Police Department in Plaintiff's Amended Complaint with prejudice. The Court concludes that amendment would be futile because Plaintiff cannot cure the pleading defect with respect to his claims against the 25th Police Department. *See, e.g.*, *Mack v. Phila. Police Dep't*, No. 25-cv-4224, 2025 WL 2825587, at *2 (E.D. Pa. Oct. 2, 2025) (dismissing claims against the Philadelphia Police Department with prejudice because it was not a proper defendant); *Baker v. 26th Dist. Police Station*, No. 24-cv-2168, 2024 WL 3431990, at *2 (E.D. Pa. July 16, 2024) (dismissing Section 1983 claims asserted against the Philadelphia Police Department and the 26th District Police Station because they were "not proper defendants").

**F. Ten Unknown Officers**

Finally, Plaintiff also appears to have asserted his excessive force, Eighth Amendment, false arrest, false imprisonment, and malicious prosecution claims against the ten unknown officers who allegedly searched him at the police station. *See* ECF No. 22 at 4. To date, Plaintiff has not identified or served the ten unknown officers that he named as Defendants when he initiated this action. Nevertheless, a district court is permitted to *sua sponte* dismiss a complaint against non-moving defendants "provided that the complaint affords a sufficient basis for the court's action." *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980); *see also Neiman v. Borough of Wyomissing*, No. 24-cv-0073, 2024 WL 2218955, at *12 (E.D. Pa. May 16, 2024) (same).

"[O]n its own, [a] court may at any time, on just terms, add or drop a party[,]" including any unnamed Defendants. Fed. R. Civ. P. 21; *see also Waris v. Mackey*, No. 09-cv-1103, 2009 WL 4884204, at * 15 (E.D. Pa. Dec. 15, 2009) ("A court may drop John Doe defendants under" Rule 21 (citing *Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250 (3d Cir. 2009))). In addition,

the Third Circuit has held that "an action cannot be maintained solely against Doe defendants." *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998); *see also Scheetz v. Morning Call, Inc.*, 747 F. Supp. 1515, 1535 n.31 (E.D. Pa. 1990) ("However liberal our Rules [of Civil Procedure], they do not contemplate a plaintiff proceeding without a defendant, save in the most extraordinary of circumstances (for example, temporary restraining orders; and those expire in short order)."), *aff'd sub nom.*, 946 F.2d 202 (3d Cir. 1991).

The Court is dismissing with prejudice the claims asserted against the named Defendants—Officer Smith, the City of Philadelphia, and the 25th Police Department—which leaves only the ten unknown officers as Defendants in this action. The remaining claims against the unknown Defendants cannot "proceed" in the absence of any named Defendants. *See Phillips v. Superintendent Chester SCI*, 739 F. App'x 125, 131 (3d Cir. 2018) (per curiam) ("Once the District Court dismissed all of the claims against the named defendants, this claim against the Doe [d]efendants could not proceed."); *see also Neiman*, 2024 WL 2218955, at *12 (dismissing with prejudice an unnamed officer from an action where "all named [d]efendants have been dismissed" (collecting cases)); *City of Phila. v. Hempstead Props., LLC*, No. 23-cv-2434, 2024 WL 1620792, at *5 n.4 (E.D. Pa. Apr. 15, 2024) ("As there are only John Does remaining in the case, [plaintiff's] equal protection claim is dismissed."); *Woodell v. Pa.D.O.C. Sec'y of Corr.*, No. 18-cv-4430, 2020 WL 2841380, at *17 (E.D. Pa. June 1, 2020) ("As there are only Doe defendants left in the case, this action is properly dismissed against them."), *aff'd sub nom.*, *Woodell v. Wetzel*, No. 20-3235, 2022 WL 17424287 (3d Cir. Dec. 6, 2022) (per curiam); *Cirino v. Cnty. of Lehigh*, No. 18-cv-3565, 2019 WL 2515840, at *4 (E.D. Pa. June 18, 2019) ("Because [plaintiff] fails to state a claim against any named Defendant, . . . the Court dismisses all claims against Jane Doe.").

For these reasons, the Court will dismiss the excessive force, Eighth Amendment, false

arrest, false imprisonment, and malicious prosecution claims asserted against the ten unknown officers in Plaintiff's Amended Complaint without prejudice. The Court will grant Plaintiff leave to amend only as to the ten unknown officers in the event that Plaintiff can name and serve the ten unknown officers. *See Lynch v. Hunter*, No. 00-cv-1331, 2000 WL 1793396, at *1 (E.D. Pa. Nov. 22, 2000) ("It is the [p]laintiff's responsibility to identify and serve anonymous defendants." (collecting cases)).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss (ECF No. 24). The Court will dismiss the excessive force, Eighth Amendment, false arrest, false imprisonment, and malicious prosecution claims asserted against Officer Smith in Plaintiff's Amended Complaint with prejudice. Moreover, the Court will dismiss the *Monell* claim asserted against the City of Philadelphia in Plaintiff's Amended Complaint, in addition to any claims based on a *respondeat superior* theory, with prejudice. The Court will dismiss all claims asserted against the 25th Police Department in Plaintiff's Amended Complaint with prejudice. Finally, the Court will dismiss all claims asserted against the ten unknown officers in Plaintiff's Amended Complaint without prejudice. Plaintiff is granted leave to amend only as to the ten unknown officers in the event that he can name and serve them; the Court will give him thirty days to do so. An appropriate Order will follow with additional information about amendment.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**