**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL THOMAS CUNNINGHAM,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **P/O MARKENSON SMITH #9421, *et al.*,** *Defendants.* | : | **No. 25-cv-5128** |

**ORDER**

**AND NOW**, this **30th** day of **September 2026**, upon review of Defendants the City of Philadelphia's, the 25th Police Department's, and Officer Markenson Smith's Motion to Dismiss for Failure to State a Claim (the "Defendants' Motion to Dismiss") (ECF No. 24), and the docket, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss (ECF No. 24) is **GRANTED** for the reasons stated in the accompanying Memorandum. The excessive force, Eighth Amendment, false arrest, false imprisonment, and malicious prosecution claims asserted against Officer Smith in Plaintiff's Amended Complaint are **DISMISSED WITH PREJUDICE**. The *Monell* claim asserted against the City of Philadelphia in Plaintiff's Amended Complaint, in addition to any claims based on a *respondeat superior* theory, are **DISMISSED WITH PREJUDICE**. All claims asserted against the 25th Police Department in Plaintiff's Amended Complaint are **DISMISSED WITH PREJUDICE**. All claims asserted against the "10 White Unknown Officer[s] East Division Processing" Defendants in Plaintiff's Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff is **GRANTED** leave to amend only as to the "10 White Unknown Officer[s] East Division Processing" Defendants in the event that he can name and serve them. Plaintiff may file a second amended complaint within **thirty (30) days** of the date of this Order naming the "10 White Unknown Officer[s] East Division Processing" Defendants and the claims asserted against them. He may not reassert a claim already dismissed with prejudice against a Defendant or rename a Defendant that has been terminated. Any second amended complaint must identify all defendants in the caption of the second amended complaint, in addition to identifying them in the body of the second amended complaint, and shall state the basis for Plaintiff's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the Amended Complaint or other papers filed in this case to state a claim. When drafting his second amended complaint naming the "10 White Unknown Officer[s] East Division Processing" Defendants, Plaintiff should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's accompanying Memorandum.

3. If Plaintiff does not wish to amend again and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within **thirty (30) days** of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be

appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

4. After **thirty (30) days**, if Plaintiff does not file a second amended complaint naming the "10 White Unknown Officer[s] East Division Processing" Defendants and the claims asserted against them, the Court will conclude that Plaintiff intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accts. Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (collecting cases)).

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**